IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA LOVELL, | ) | |
| | ) | |
| Plaintiff, | ) | No.:   1:17-cv-01039-JDT-egb |
| | ) | |
| v. | ) | |
| | ) | |
| CHILDREN'S CORNER DAYCARE, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Rule 60 Motion for Relief of any Agreement and Release made between Plaintiff and Defendant Children's Corner Daycare (D.E. 31). Defendant Children's Corner Daycare ("Defendant") has responded in opposition (D.E. 32). Pursuant to Administrative Order 2013-05, this case was referred to the United States Magistrate Judge for management of all pretrial matters. For the following reasons, the Magistrate Judge recommends that this Court DENY Plaintiff's Motion.

**BACKGROUND**

Plaintiff filed a *pro se* Complaint on March 10, 2017, against the Union City Police Department, Tennessee Department of Children's Services, Union City District Attorney, and Children's Corner Daycare alleging violations of 42 U.S.C. § 1983 (D.E. 1).   Plaintiff's claims revolve around an incident where her child was found in the street near the Defendant daycare when he was left unattended by the daycare.   The parties engaged in mediation on July 20, 2017. During mediation, Plaintiff settled with Tennessee Department of Children's Services and Union City District Attorney General's Office and agreed to a partial dismissal of the action (D.E. 27).

Plaintiff and the remaining two Defendants agreed to a stay of discovery until the second scheduled mediation. The parties engaged in a second mediation on August 30, 2017. During that mediation, the Plaintiff reached a settlement agreement with the remaining two Defendants. Plaintiff and the parties signed a "Mediated Settlement Agreement" and a "Confidential Settlement Agreement and Release." Additionally, Plaintiff was given discovery responses by the Union City Police Department at the mediation. Plaintiff and the Union City Police Department agreed to a partial dismissal and the action against the Union City Police Department was dismissed (D.E. 30).

Pursuant to the agreement, Defendant Children's Corner Daycare mailed a settlement check to Plaintiff via overnight mail on September 6, 2017. On September 14, 2017, Plaintiff emailed counsel for Defendant and informed counsel that she read the discovery given to her by Union City Police Department and believed the settlement was negotiated in bad faith. Plaintiff believes she was not given time to review the discovery prior to signing the settlement agreement. Moreover, Plaintiff informed counsel that she wanted to renegotiate the agreement, and she no longer agreed with the non-disclosure agreement clause of the settlement agreement. Lastly, Plaintiff asserts that she would like to file a new claim of defamation against Defendant based on the discovery received and have time to obtain an attorney, believes Defendant's counsel violated some of the ABA Model Rules of Professional Conduct because allegedly counsel incorrectly named some of the items as work-product in discovery, and that there was an error on one of the agreements she signed that incorrectly listed the incident as involving playground equipment. Thus, instead of agreeing to an order of dismissal with Defendant, Plaintiff filed Rule 60 Motion for Relief of any Agreement and Release made between Plaintiff and Defendant Children's Corner Daycare.

## ANALYSIS

Rule 60(b) of the Federal Rules of Civil Procedure, which provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Since no final judgment, order, or proceeding is present in this case, and given Plaintiff's *pro se* status, the Magistrate Judge will analysis this as a motion to set aside settlement.

A district court has the authority to enforce an agreement to settle litigation pending before it. *See Bostick Foundry Co. v. Lindberg,* 797 F.2d 280, 282- 83 (6th Cir. 1986). However, "[b]efore enforcing a settlement, a district court must conclude that agreement has been reached on all material terms." *Re/Max Intl, Inc.* v. *Realty One, Inc.* 271 F.3d 633, 645-46 (6th Cir. 2001). "Ordinarily, an evidentiary hearing is required where facts material to an agreement are disputed." *Id.* at 646 *citing Kukla v. Nat'l Distillers Prods. Co.,* 483 F.2d 619, 622 (6th Cir. 1973); *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1372 (6th Cir. 1976)). Conversely, "no evidentiary hearing is required where an agreement is clear and unambiguous and no issue of fact is present." *Id.* (citing *Aro Corp.,* 531 F.2d at 1372). Summary enforcement of a settlement agreement has been deemed appropriate where no substantial dispute exists regarding the entry into and terms of an agreement. *Kukla v. Nat'l Distillers Prods. Co.,* 483 F.2d 619, 621 (6th Cir. 1973). "Because settlement agreements are a type of contract, the formation and [validity] of a purported settlement agreement are governed by state contract law." *Smith v. ABN AMRO Mortg. Grp. Inc.,* 434 F. App'x 454, 460 (6th Cir. 2011)(citing *Bamerilease Capital Corp. v. Nearburg,* 958 F.2d 150, 152 (6th Cir. 1992)).

"If the parties reached agreement on all material terms, then existing precedent dictates that only the existence of fraud or mutual mistake can justify reopening an otherwise valid settlement agreement." *Henley v. Cuyahoga County Bd. of Mental Retardation & Dev. Disabilities,* 141 F. App'x 437, 443 (6th Cir. 2005), *reh'g en banc denied* (Oct. 12, 2005) (citing *Brown v. County of Genesee,* 872 F.2d 169, 174 (6th Cir.1989)) (internal quotation marks omitted). "More importantly, once a settlement is reached, it is the party challenging the settlement who bears the burden to show that the settlement contract was invalid based on fraud or mutual mistake." *Id.* (citing *Brown,* 872 F.2d at 174).

Here, there is no dispute that a settlement agreement was reached in this case on August 30, 2017. The parties agreed in writing via two documents labeled "Mediated Settlement Agreement" and "Confidential Settlement Agreement and Release" to dismiss the case in exchange for $2,500.00. Plaintiff does not allege she did not understand what she was signing or that the documents were unclear or ambiguous. Both parties agree that they reached an agreement to settle the case. Although Plaintiff asserts that one of the agreements mention an incorrect term about the incident involving playground equipment, the Magistrate Judge finds this error is not material to the agreements. Both agreements correctly name the case number in this action and all other material information is correct. Plaintiff knowingly signed the agreement under no allegation of duress or inability to read the settlement agreements prior to her signature and agreement. Thus, the Magistrate Judge finds that an agreement was reached between Plaintiff and Defendant on all material terms that were fully understood and agreed upon by both parties. Next, the Magistrate Judge must determine if fraud or mutual mistake was present in order to justify invalidating the settlement agreement. Plaintiff does allege that the agreement was fraudulent. Plaintiff asserts that Defendant employees lied about certain statements made to

4

Union City Police Department and the discovery given to Plaintiff shows fraudulent information given to Plaintiff. Although fraud is a finding upon which a court may modify an otherwise valid contract, Plaintiff has not presented any evidence of fraudulent behavior by the Defendant that would justify reopening the settlement agreements, and, therefore, Plaintiff's claim of fraud fails.

Most of Plaintiff's claims center around after-the-fact sentiments. After-the-fact sentiments do not invalidate an otherwise binding settlement agreement. *See Stewart v. Carter Mach. Co. Inc.*, 82 Fed. Appx. 433, 436 (6th Cir. 2003) ("settlor's remorse" is not a sufficient reason to invalidate an enforceable oral agreement to settle a case); *Ashley v. Blue Cross & Blue Shield of Michigan*, 225 F.3d 658 (Table), 2000 WL 799305 at *2 (6th Cir. 2000) (the fact that plaintiff may have had a change of heart following the settlement ... is insufficient to invalidate an otherwise valid settlement agreement entered into by the parties); *Montano v. Knox Cty.*, No. 3:14-CV-404-PLR-CCS, 2016 WL 1192673, at *2 (E.D. Tenn. Mar. 28, 2016) (the fact that Plaintiff changed his mind five days after acceptance of the offer did not invalidate the agreement already reached by the parties). Plaintiff failed to notify Defendant that she was not in agreement any longer until two weeks after the agreement was signed and a week after the settlement check was mailed. Plaintiff asserts she did not have enough time to review the discovery given to her by the Union City Police Department the day of the settlement agreement and the discovery now contains newly discovered evidence of comments made by Defendants' employees. However, Plaintiff does not allege that she was forced to sign the settlement agreement that day under duress, that she couldn't request a stipulation dependent on her review of discovery be placed in the agreement, or that she couldn't agree to any terms after reading the discovery at some time in the future. Plaintiff's inability to review discovery or any new claims she may believe she has after reviewing the discovery does not invalidate an otherwise valid settlement agreement that both

5

parties understood and signed. Likewise, Plaintiff's assertions that she no longer wants to be bound by a non-disclosure agreement do not merit invalidating the settlement agreement. Plaintiff does not allege she did not have time to read and fully understand the agreement she signed, including the terms of non-disclosure. Plaintiff's thoughts about being bound by the non-disclosure are clearly after-the-fact sentiments, which do not invalidate the settlement agreement. Lastly, Plaintiff's claims concerning whether some items she was informed by Defendant's counsel in discovery were protected by the work-product doctrine and the allegations that Defendant's counsel violated the ABA Model Rules due to the alleged incorrectness of the assertion of protection does not invalidate the valid settlement agreement. It is clear from the record that Plaintiff fully understood the terms of the settlement and agreed to them. Accordingly, the Magistrate Judge recommends that Plaintiff's Rule 60 Motion for Relief of any Agreement and Release made between Plaintiff and Defendant Children's Corner Daycare be DENIED, the settlement be enforced, and the case be DISMISSED pursuant to the settlement agreement.

## CONCLUSION

For all these reasons, the Magistrate Judge recommends that this Court DENY Plaintiff's Motion for Relief. Additionally the Magistrate Judge recommends that this case be DISMISSED pursuant to the "Mediated Settlement Agreement" and "Confidential Settlement Agreement and Release" signed by both parties.

Respectfully Submitted this 23rd day of January, 2018.

s/Edward G. Bryant
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**