IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| REBECCA LEIGH LOVELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 17-1039-JDT-egb |
| | ) | |
| UNION CITY POLICE DEPARTMENT, ET AL., | ) ) | |
| | ) | |
| Defendants. | ) ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING
PENDING MOTIONS AND DISMISSING CASE PURSUANT TO
THE PARTIES' SETTLEMENT AGREEMENT AND RELEASE

Plaintiff Rebecca Leigh Lovell, acting *pro se*, filed this action pursuant to 42 U.S.C. § 1983 on March 10, 2017, against Children's Corner Daycare in Union City, Tennessee; the Union City Police Department (UCPD); the Tennessee Department of Children's Services (DCS); and the Union City District Attorney's General's Office.[1] (ECF No. 1.) The case concerns an incident involving Plaintiff's son that occurred on June 15, 2016, while he was attending Children's Corner.

After all of the Defendants had responded to the complaint and the discovery process had begun, a mediation session was conducted with Mediator James S. Wilder, III on July

---

[1] The official designation for the Union City District Attorney General is the District Attorney General's Office for the 8th Judicial District of Tennessee.

20, 2017. That first mediation session resulted in a settlement with DCS and the District Attorney General's Office, and an agreed order of dismissal was entered by the Court as to those Defendants on August 8, 2017. (ECF No. 27.) While Children's Corner asserts that Plaintiff and the remaining Defendants also agreed to a stay of discovery pending a second mediation session, Plaintiff now disputes that assertion.

The second mediation session was held on August 30, 2017, and resulted in Plaintiff reaching a settlement with both the UCPD and Children's Corner. A Mediated Settlement Agreement (Settlement Agreement) setting out the terms of the settlement was signed by Plaintiff, counsel for the UCPD Michael R. Hill, counsel for Children's Corner Pamela Webb, and Mediator Wilder. (ECF No. 32-2.) Plaintiff also executed a Confidential Settlement Agreement and Release (Release) in which she released Children's Corner from liability. (ECF No. 32-3.) At the close of the mediation, Plaintiff was given discovery responses from the UCPD. In accordance with the Settlement Agreement, an agreed order of dismissal with regard to the UCPD was entered by the Court on September 25, 2017. (ECF No. 30.)

Ms. Webb sent Plaintiff a settlement check on behalf of Children's Corner on September 6, 2017, via overnight delivery. (ECF No. 32-4.) However, on September 14, 2017, fifteen days after signing both the Settlement Agreement and the Release, Plaintiff sent an email to Ms. Webb and Mr. Hill in which she stated that after reading the discovery given to her she believed the mediation was not negotiated in good faith. (ECF No. 32-5.) She expressed a desire to renegotiate the settlement and did not wish to be bound by the non-

2

disclosure portion of the Release because she wanted to seek legal counsel to review the documents. (*Id.*)

On November 6, 2017, Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 60(b)[2] seeking relief from the Settlement Agreement and Release made between Plaintiff and Children's Corner. (ECF No. 31.) Children's Corner filed a response (ECF No. 32), and Plaintiff filed a reply (ECF No. 33). A Report and Recommendation (R&R) was issued by U.S. Magistrate Judge Edward G. Bryant on January 23, 2018, in which he recommended denying Plaintiff's motion for relief from the settlement and dismissing her claims against Children's Corner pursuant to the Settlement Agreement and Release. (ECF No. 34.)

Plaintiff filed untimely objections to the R&R on February 8, 2018. (ECF No. 35.)[3] Children's Corner's response to Plaintiff's objections, filed on March 15, 2018, is also untimely. Because Plaintiff's objections to the R&R were not timely filed they need not be addressed by the Court. However, the Court will consider some of the objections briefly.

As the Magistrate Judge explained, settlement agreements are governed by state contract law, *see Smith v. ABN AMRO Mortg. Grp. Inc.*, 434 F. App'x 454, 460 (6th Cir.

---

[2] No final judgment has been entered in this case, neither has there been an order of dismissal as to Children's Corner. Therefore, Rule 60(b) is not applicable, and Magistrate Judge Bryant correctly treated Plaintiff's motion simply as a motion to set aside the settlement.

[3] Plaintiff agreed, in writing, to receive notice of the entry of Court documents via the Electronic Case Filing system. (ECF No. 3.) Thus she was served with the R&R on January 23, 2018, the date it was entered. Her objections were due fourteen days thereafter, on February 6, 2018. *See* Fed. R. Civ. P. 72(b)(2).

2011), and once a settlement agreement has been reached it should be set aside only if it is shown to be invalid based on fraud or mutual mistake. *See Henley v. Cuyahoga Cnty. Bd. of Mental Retardation & Dev. Disabilities*, 141 F. App'x 437, 443 (6th Cir. 2005). In this case, Magistrate Judge Bryant noted that Plaintiff did not dispute that a settlement agreement was reached. However, she asserted in her motion that the Settlement Agreement and Release should be set aside on several grounds, including newly discovered evidence, misrepresentation and fraud, misconduct by counsel and Children's Corner, and errors in the Release document. The Magistrate Judge concluded that none of Plaintiff's assertions justify setting aside the Settlement Agreement and Release.

Not all of Plaintiff's objections to the R&R are specifically directed to the findings of the Magistrate Judge. For example, Plaintiff first focuses heavily on the untimeliness and perceived deficiencies of various discovery responses that were provided to her by the UCPD and Children's Corner. However, with regard to any discovery responses received prior to mediation, Plaintiff had sufficient opportunity to review those responses and to raise any concerns about discovery "abuse" by filing an appropriate discovery motion with the Court. Her failure to do so is not a sufficient reason to set aside the Settlement Agreement and the Release.[4]

---

[4] Plaintiff now asserts she did not agree that discovery should be stayed between the first and second mediation sessions. She admits that counsel suggested they "take a break from discovery," but contends she did not understand that meant outstanding and/or overdue discovery responses would not be provided until the second mediation. However, despite acknowledging that the discovery responses in question were already past due before the August 30th mediation, Plaintiff never filed a motion to compel with the Court.

Plaintiff next focuses on the August 30th mediation itself, contending she was intimidated and coerced into settlement by counsel and Mediator Wilder. First, she complains about a telephone call she received the day before the mediation from Mr. Hill, counsel for the UCPD. Plaintiff states that Mr. Hill thought she had agreed to dismiss her claims against the UCPD before the mediation and forego any claim for damages, but she told him that was not the case. Mr. Hill "became irritated" and "aggressively" stated that if she did not agree to dismiss her claims and his motion to dismiss was later granted by the Court he would "come after her" by seeking to have discretionary costs assessed against her. Plaintiff characterizes this as a threat by Mr. Hill and claims it was inappropriate for him to call her at home. However, merely asserting that he would seek the imposition of costs if his motion to dismiss was granted by the Court is not an impermissible threat. If Plaintiff was represented, Mr. Hill could have said the same thing to her attorney. Since Plaintiff represents herself in this proceeding, it was and is not improper for opposing counsel to contact her at home by telephone.

Plaintiff also complains that she was not provided with the overdue discovery on August 30th in time for her to sufficiently read both it and the Settlement Agreement and Release. She contends counsel rushed her and pushed her to agree to a settlement that day, refusing to discuss what she could see were deficiencies and contradictions in the discovery responses. Plaintiff also contends that Mediator Wilder engaged in misconduct by making several inaccurate statements and leading her to believe she was required to settle with both the UCPD and Children's Corner or with neither.

5

The statements and actions of counsel and of the mediator that are described in Plaintiff's objections do not rise to the level of fraud justifying setting aside the settlement. The Court does not doubt that Plaintiff felt pressured by the situation during the August 30th mediation. However, she chose to represent herself in this case and must accept the risks that come with that decision. If she did not understand what was occurring or what was said or needed more time to read the discovery before agreeing to the settlement proposal, Plaintiff could have walked away without signing anything and let this case go forward. There is simply no suggestion that Plaintiff was forced to sign either the Settlement Agreement or the Release against her will. The fact that she now regrets her actions does not require granting relief.

Plaintiff's objections to the R&R are overruled. The Court adopts the R&R in its entirety. All pending motions are DENIED, and all claims against Children's Corner are DISMISSED pursuant to the Settlement Agreement (ECF No. 32-2) and Release (ECF No. 32-3).

The Clerk is directed to prepare a judgment based on this order and the prior orders of partial dismissal entered on August 8, 2017 and September 25, 2017.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE